# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN HODES DDS dba BROADWAY DENTAL,<br><br>　　　　Plaintiff,<br>v.<br>AMCO INSURANCE COMPANY, an Iowa Corporation; ALLIED INSURANCE COMPANY, a California Corporation; NATIONWIDE INSURANCE COMPANY OF AMERICA, a Wisconsin Corporation and DOES 1 through 100, Inclusive,<br><br>　　　　Defendants. | Civil No. 13cv85 W (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL [Doc. No. 17]** |

This is a breach of contract and good faith and fair dealing case arising out of the alleged improper handling of a commercial property insurance claim. At issue is a motion to compel compliance with a subpoena served to obtain third party discovery. AMCO Insurance Company, Allied Insurance Company, and Nationwide Insurance Company of America ("Defendants") served a subpoena on Pacific Coast Commercial Flooring ("PCC"), a nonparty. Mem. Ps&As, p.2. The subpoena directed PCC's person most qualified to appear at a deposition and testify on the designated subjects. *Id.* PCC's person most qualified Nathan Mallory, attended the deposition. But Mallory refused to

testify. *Id*. at 3.

Defendants now bring a motion to (1) compel the deposition of PCC's person most qualified; (2) amend the scheduling order to continue the date for completion of fact discovery; and (3) impose monetary sanctions for the attorney's fees incurred due to PCC's failure to testify. *Id*. Neither PCC, or any other party, filed an opposition. For the following reasons, the court **GRANTS** the motion with respect to compelling the deposition of PCC's person most qualified and amending the scheduling order. The court **DENIES without prejudice** the motion to impose monetary sanctions on PCC.

## I. Underlying Litigation

Martin Hodes DDS dba Broadway Dental ("Plaintiff") was closed for a long weekend on or about January 6, 2010. Dkt.1, Ex.A. An employee entered the property and discovered the dental office was flooded. *Id.* A hot water pipe had burst over the long weekend, causing damage to the wood floor and dental equipment in the office. *Id*.

Plaintiff reported the insurance claim to Defendants. *Id*. The parties disputed the amount that Defendants should pay for the insurance claim. *Id*. On November 16, 2012, Plaintiff filed a complaint against Defendants, alleging breach of contract and breach of duty of good faith and fair dealing. *Id*. To support the claim for damages, Plaintiff hired PCC to prepare an estimate for the cost to replace Plaintiff's flooring. Mem.Ps&As, p.3.

## II. Discussion

### A. Legal Standard

Federal Rules of Civil Procedure 26 and 45 govern discovery from nonparties by subpoena. *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 347 F. 3d 744,779 (9th Cir. 1994) (applying both rules to motion quash subpoena). The testimony of a nonparty witness at deposition may be compelled by service of subpoena under Rule 45. Fed. R. Civ. P. 30(a)(1). Additionally, Federal Rule 37(a)(5) allows the court to impose monetary sanctions when a party or deponent does not comply with a subpoena. Fed. R. Civ. Proc. 37(a)(5).

///

### B. The Subpoena

Federal Rule of Civil Procedure 45 sets out the requirements to require a witness's attendance at a deposition when compelled by service of a subpoena.

> The subpoena must:
> (1) state the court from which it issued;
> (2) state the title of the action, the court in which it is pending and its civil-action number;
> (3) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and
> (4) set out the text of Rule 45(c) and (d).

Fed. R. Civ. Proc.(a)(1)(A).

The subpoena Defendants served on PCC complied with all the requirements set forth in Rule 45. Mem.Ps&As, Ex.A. Defendants issued the subpoena on August 28, 2013, set a deposition date of October 3, 2013, and commanded PCC to produce its person most qualified to attend and testify at the deposition. Because the subpoena was proper, the only way for PCC to justify noncompliance would have been to file a timely motion to quash or for a protective order. Neither PCC–nor any other party–filed any such motion.

### C. Alleged Compliance

PCC's most qualified person, Nathan Mallory, attended the deposition. Mem.Ps&As, p.3. At the deposition, Mallory stated that he felt he satisfied the subpoena by appearing at the deposition, and that he was no longer willing to answer questions. Mem.Ps&As, Ex.C. Defendant's counsel explained to Mallory that appearing at the deposition was not enough to comply with the subpoena. *Id.* But Mallory still refused to answer questions. *Id.*

The subpoena specifically stated, "*Testimony*: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action." Mem.Ps&As, Ex.A. The subpoena ordered the testimony of PCC's most qualified person. *Id.* Mallory's appearance at the deposition demonstrates only

partial compliance. PCC offers no reason why it did not fully comply.

The Federal Rules of Civil Procedure give courts the power to compel compliance with subpoenas that seek relevant information. Fed. R. Civ. Proc. 37(a)(1). A party seeking discovery may move for an order compelling an answer if the deponent fails to answer a question asked during a deposition that is in accordance with the Federal Rules. Fed. R. Civ. Proc. 37(a)(3)(B)(I). Mallory, and PCC, failed to provide any testimony at the procedurally-proper deposition. The court finds that good cause exists to compel full compliance with the subpoena.

### D. Monetary Sanctions

When a motion to compel is granted, a court must generally require the party or deponent whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. Proc. 37(a)(5)(A). But there is an exception if "other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(a)(5)(A)(iii).

Here, PCC, and specifically Mallory, are a not parties to this civil action. At the deposition, he clearly stated he thought he had fully complied with the subpoena by attending the deposition. Defendant's counsel stated that she advised Mallory that "merely appearing at a deposition does not satisfy his obligations under the subpoena." Dec. ¶5. But Mallory did not have his own attorney to advise him on what his obligations were under the subpoena.

The court finds that at this time, it would be unjust to require PCC to pay Defendants attorney's fees incurred for the preparation of the motion to compel. Nonetheless, if PCC and Mallory do not fully comply with this court order to appear at the deposition and provide testimony as required by the subpoena, the court will reconsider the decision to not impose monetary sanctions.

### III. ORDER

The court finds that the subpoena was proper and that PCC did not fully comply with it. Accordingly, the court **GRANTS** the motion to compel the deposition of PCC's

person most qualified.

The court **DENIES without prejudice** the motion for sanctions. The court will reconsider sanctions if PCC fails to appear **and testify** at the rescheduled deposition.

The court also finds good cause to amend the scheduling order. The current date for completion of fact discovery–November 1, 2013–passed. The court sets **December 16, 2013** as the new deadline for the completion of fact discovery, for the limited purpose of taking the deposition of PCC's person most qualified.

**IT IS SO ORDERED.**

DATED: November 7, 2013

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court